IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DELSON HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-0655-CV-W-HFS |
| | ) | |
| CHECK PLUS SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant has filed a motion to shorten time for plaintiff to respond to defendant's second request to produce documents. Defendant seeks the original recording of the collections call that forms the basis for this case, so that it may have an expert analyze the tape and be able to question plaintiff about the tape during his deposition, which defendant has noticed for Tuesday, January 19, 2010. Plaintiff opposes the motion, stating that it involves an existing discovery dispute addressed in an earlier court order. Moreover, plaintiff states that defendant has yet to produce certain Rule 26(a) materials, namely the collection notes, as promised.

On December 17, 2009, the court entered a memorandum to counsel addressing a reported discovery dispute regarding the collection notes and other materials. In the memorandum, the court noted that the parties had a session scheduled with a neutral. "Rather than proceed on several fronts at once, I will not entertain further issues until the parties exhaust a dispositive session with the neutral." ECF doc. 19 at 2. The motion to shorten time is essentially a discovery motion of the sort the court will not entertain prior to mediation, which is apparently scheduled for Monday, January 25, 2010. Therefore, the motion will be denied. If necessary, defendant may reopen plaintiff's

deposition at a later time, once the recording as been produced.[1]

Accordingly, it is hereby

ORDERED that defendant's motion to shorten time (ECF doc. 22) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January  15 , 2010

Kansas City, Missouri

---

[1] The recorded collection call is the basis for this case. Plaintiff has already produced a copy of the recording to defendant. In the interest of preserving this crucial evidence, the court suggests that any examination of the original tape should be conducted either in the office of plaintiff's counsel, if practical, or with plaintiff's counsel present at the site of examination.